IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| UNITED STATES | § | |
| | § | |
| v. | § | NO. 5:11-CR-015-C |
| | § | |
| KHALID ALI-M ALDAWSARI | § | |

## MOTION TO RECONSIDER

COMES NOW Intervener and Movant James Clark, pro se, an individual member of the news media, to respectfully request that the District Court reconsider its Order of 4/26/2012 denying intervention.

1. The Movant, on or about April 25th, made a Motion To Intervene and Request Certain Documents Be Published. The Motion To Intervene was denied summarily as "without merit" and the District Court provided no facts or conclusions of law as to why the intervention should be denied. The request for publication of certain documents was never addressed in the Order of April 26, but the denial of intervention necessarily denies the request to publish.

2. The Movant properly cited case law as to why he has the right to intervene, including jurisdiction, venue and standing.

3. In its Order of April 26, the District Court failed to recognize a well established legal concept called Collateral Order Doctrine. The Movant argues that the denial of intervention is a violation of his Fifth Amendment right of Due Process and he further argues that the District Court committed reversible error.

James Clark Motion To Reconsider Order of April 26, 2012 - Page 1 of 4

4. As recently as *In re Hearst Newspapers, L.L.C.*, ____ F.3d ____, 2011 WL 1844189 (5th Cir. 2011) the Fifth Circuit published an opinion upholding the idea that Media has the right to intervene in a criminal case when First Amendment rights have been breached.

5. The Fifth Circuit again recently reaffirmed the Media's right and the Movant's right to intervene. In an unpublished opinion, *In Re James Clark USCA No. 11-10407*, the Fifth Circuit issued a Judgment as Mandate in the instant case in which it said the Movant has the right to an interlocutory appeal under Collateral Order Doctrine. The opinion also cited *Davis v. East Baton Rouge Parish School Bd.*, 78 F.3d 920, 926 (5th Cir. 1996) and other cases recognizing the right of the media and the Movant to intervene when First Amendment rights of newsgathering are breached in criminal proceedings. The Movant appropriately pointed out in his April 25th motion that he makes such a claim.

6. The District Court can easily access the Judgment As Mandate – as it is filed in the instant case as PACER Document 45.

7. No reasonable interpretation of long-standing Fifth Circuit precedent would allow for the conclusion that the Motion to Intervene is with without merit. Based upon the claims set forth by the Movant, the District Court must grant the intervention. From there, the Movant is well convinced the Request to Publish Certain Documents is not "without merit," but if the District Court disagrees, the Movant asks the court to, with reasonable specificity, explain why.

8. For the foregoing reasons, the Movant prays the District Court to reconsider its Order of April 26, grant the intervention, and address the Request to Publish Certain Documents on the merits.

Dated May 4, 2012                     Respectfully submitted,

James Clark, Movant, Pro Se
6229 36th Street
Lubbock, TX 79407
james2813@hotmail.com
806 796-5955 / 438-8472 (cell)

## CERTIFICATE OF SERVICE BUT NO CONFERENCE

I, James Clark, Intervener and Movant, Pro Se, hereby certify that due to the Court's "Gag Order" of March 9, 2011 I have **not** conferred with any party to the instant case. I further certify that on May 4, 2012 I provided a copy of this Motion To Reconsider to the District Court and to Attorneys for United States and the Defendant by hand delivery or U.S. Postal Service delivery as follows:

United States District Court
Lubbock Division,
Northern District of Texas
1205 Texas Avenue, 2nd Floor
Lubbock, Texas, 79401

United States Attorney's Office
1205 Texas Avenue, 7th Floor
Lubbock, Texas, 79401

United States Attorney's Office
Matthew Joseph Kacsmaryk
Suite 300,
801 Cherry Street
Fort Worth, TX 76102-6897

Law Office Of Paul Doyle
600 Travis Suite 4700
Houston, Texas, 77002

Law Office Of Dan Cogdell
1401 McKinney St,
Suite 1625
Houston, Texas 77010

Law Office Of
Roderique S. Hobson
816 Main Street
Lubbock, Texas, 79401

_____
James Clark, Intervener and Movant Pro Se