IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cause No. 5:11-CR-015 |
| | § | |
| KHALID ALI-M ALDAWSARI | § | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION TO COMPEL RULE 16 DISCLOSURE**

NOW COMES, Khalid Ali-M Aldawsari and provides this response to the Government's Motion to Compel Rule 16 Disclosures (Doc. 147). Soon after receiving the Government's Motion to Compel, defense counsel notified that its designated experts were yet to prepare reports. Defense counsel further notified the Government that several of the designated experts appeared unlikely to testify. At this stage, the issue raised by the Government in its Motion to Compel is, hopefully, in the process of being resolved. However, Aldawsari files this response out of an abundance of caution and to comply with the time limits for filing a response set out in Local Rule 47.1(e), which provides 14-days for a party to file a response to an opposed motion.

Parties are, of course, encouraged to work out discovery disputes without Court involvement. *See* FED. R. CRIM. PRO. 16, advisory committee note B (1975) ("parties should, to the maximum possible extent, accomplish discovery themselves."). On May 7, 2012, the defense informed the Government that it intends to use only two of its six prior designated expert witnesses. The defense further requested that the Government withdraw its motion to compel in exchange for the defense's agreement to provide reports of its two remaining experts, Dr. Jerome Brown (psychology) and Dr. John Esposito (cultural), within 10 days. At the time of filing, the Government was

considering this offer and indicated that it would likely be until May 8, 2012, until the government lawyers could confer and provide an official response.

In the event that no agreement is reached, the defense requests that this Court grant in part and deny in part the Government's Motion to Compel. The defense is willing to supplement its expert disclosures and does not object to the Government's motion being granted in this respect. However, the defense requests 10 days to obtain expert reports, not 3 days that the government urges. Providing the defense 10 days will result in no prejudice to the Government whatsoever. This case is still over one month from trial and Rule 16's expert disclosure requirements are met in a timely manner where full compliance occurs as short as 8 days before trial. *See United States v. Mendoza-Paz*, 286 F.3d 1104, 1111 (9th Cir. 2002) (notification was timely where government notified defendant 12-days before trial that it had selected an expert and furnished the expert's resume and report only 8-days before trial).

Accordingly, Aldawsari requests that the Government's Motion to Compel be granted in part and denied in part.

    Respectfully submitted,

    /s/ Dan Cogdell
    DAN COGDELL
    TBN:  04501500
    Cogdell Law Firm, LLC
    1401 McKinney Street, Suite 1625
    Houston, Texas 77010
    Office:    713-426-2244
    Facsimile:    713-426-2255

    /s/ Paul Doyle
    PAUL DOYLE
    Texas State Bar No. 24011387
    Paul Doyle & Associates, LLC

> 600 Travis Suite 4700
> Houston, Texas  77002
> (713) 228-9200
> (713) 228-9203 Facsimile

## CERTIFICATE OF SERVICE

I certify that on May 7, 2012, a true and correct copy of the foregoing document and memorandum in support was filed with the Court's ECF system and electronic notification was sent to the attorney for the government.

> /s/ Dan Cogdell
> Dan Cogdell

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 7, 2012, a representative of my office conferred with Assistant United States Attorney Jeff Haag in regards to this motion. Mr. Haag indicated that he was waiting to hear from Assistant United States Attorney Richard Baker with respect to the Government's position on this motion and that it would likely be until May 8, 2012 until a response was received.

> /s/Dan Cogdell
> DAN COGDELL