IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | No. 5:11-CR-015 |
| § | ECF |
| KHALID ALI-M ALDAWSARI § | |

**GOVERNMENT'S TRIAL BRIEF REGARDING
"SUBSTANTIAL STEP" AND BRIEF IN SUPPORT**

The government does not oppose a jury instruction explaining the term "substantial step," but does oppose Aldawsari's proposed language, which overstates the import of *United States v. Polk*, 118 F.3d 286, 291-92 (5th Cir. 1997), and therefore misstates the definition of "attempt" codified in the Fifth Circuit's pattern jury instructions for criminal cases. FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CRIMINAL § 1.32 (2001) (citing *United States v. Mandujano*, 499 F.2d 370, 377 (5th Cir. 1974); *United States v. Contreras*, 950 F.2d 232, 236-37 (5th Cir. 1991); *United States v. Anderson*, 987 F.2d 251, 254-56 (5th Cir. 1993); *United States v. Fuller*, 974 F.2d 1474, 1478 (5th Cir. 1992); *United States v. Crow*, 164 F.3d 229, 235 (5th Cir. 1999)). For the reasons discussed below, the government requests an instruction that closely tracks the available patterns.

1.  **From the common law to the Model Penal Code to modern pattern jury instructions, courts of appeal have *widened* the ambit of "attempt" liability by requiring proof only of a "substantial step" towards the intended crime.**

As discussed in myriad cases, courts have struggled to demarcate the point at

which a defendant's conduct brings him close enough to the intended crime to warrant liability for the inchoate offense of "attempt." *See generally United States v. Farhane*, 634 F.3d 127, 146-49 (2nd Cir. 2011) (collecting cases). "Previously, at common law, attempt had been limited to conduct close to the completion of the intended crime." *Id.* at 146 (citing *Commonwealth v. Peaslee*, 177 Mass. 267, 272 (1901) ("[S]ome preparations may amount to an attempt" when they come "very near to the accomplishment of the act")). When deciding if a defendant's "proximity" came close enough, several courts applied the "probable desistance" test: "the conduct constitutes an attempt if, in the ordinary and natural course of events, without interruption from an outside source, it will result in the crime intended." *Mandujano*, 499 F.2d at 373-75; *United States v. Coplon*, 185 F.2d 629, 633 (2nd Cir. 1951) ("[T]here are many decisions which hold that the accused has passed beyond 'preparation,' although he has been interrupted before he has taken the last of his intended steps.").

In the 1960s, American courts moved away from the common law's "proximity" definition and towards the Model Penal Code's "substantial step" definition. *United States v. Lockley*, 632 F.3d 1238, 1245 n.6 (11th Cir. 2011) ("Though there is a distinct divergence in the law as it relates to attempt, the generic form tends toward the 'substantial step' approach proposed by Model Penal Code") (internal marks omitted). Importantly, the "substantial step" definition sought to "widen the ambit of attempt liability." *Farhane*, 634 F.3d at 146. "By requiring proof only of a 'substantial step' in

furtherance of the intended crime, the Model Code ushered in a broader view of attempt." *Id.*

Soon thereafter, courts further refined the definition of "attempt" by drawing a distinction between "substantial steps" and "mere preparation." *Mandujano*, 499 F.2d at 373. This distinction did not make the line of demarcation any clearer: "While it seems to be well settled that mere preparation is not sufficient to constitute an attempt to commit a crime, it seems equally clear that the semantical distinction between preparation and attempt is one incapable of being formulated in a hard and fast rule." *Id.*; *see also United States v. Irving*, 665 F.3d 1184, 1195 -1196 (10th Cir. 2011) ("As courts invariably and correctly state, the question of when preparation ends and attempt begins is exceedingly difficult."). The work is complicated by the statute-by-statute, case-by-case nature of the inquiry. *See United States v. Smith*, 264 F.3d 1012, 1016 (10th Cir. 2001) ("The dividing line between preparation and attempt is not clear and depends to a high degree on the surrounding factual circumstances."). "An act that may constitute a substantial step towards the commission of one crime may not constitute such a step with respect to a different crime." *Farhane*, 634 F.3d at 147; *United States v. Sanchez*, 615 F.3d 836, 844 (7th Cir. 2010) (holding same). "Thus, while an agreement to purchase drugs from a supplier is not a substantial step sufficient to convict for attempted *possession*, such an agreement to acquire might constitute a substantial step when the crime at issue is attempted *distribution*." *Id.* at 148 (emphasis in original).

> **2.  Though the Fifth Circuit has not published a pattern specific to WMD cases, it *has* settled on the "substantial step" definition cited in the government's proposed instruction.**

*Mandujano* is the Fifth Circuit's seminal case on the definition of "attempt." 499 F.2d at 372-79. After surveying the evolution of "attempt" definitions, from "dangerous proximity" to "probable desistance" to "substantial step," the Fifth Circuit settled on the two-prong definition now codified in the pattern jury instruction:

> First, the defendant must have been acting with the kind of culpability otherwise required for the commission of the crime which he is charged with attempting. Second, the defendant must have engaged in conduct which constitutes a substantial step toward commission of the crime. A substantial step must be conduct strongly corroborative of the firmness of the defendant's criminal intent.
>
> The use of the word 'conduct' indicates that omission or possession, as well as positive acts, may in certain cases provide a basis for liability. The phrase 'substantial step,' rather than 'overt act,' is suggested by *Gregg v. United States*, and *People v. Buffum*, and indicates that the conduct must be more than remote preparation.
>
> The requirement that the conduct be strongly corroborative of the firmness of the defendant's criminal intent also relates to the requirement that the conduct be more than 'mere preparation,' and is suggested by the Supreme Court's emphasis upon ascertaining the intent of the defendant, and by the approach taken in *United States v. Coplon*.

*Id.* at 376-77 (collecting cases) (citations omitted). The Court clarified that its definition was "generally consistent with and [] is in fact close to the definitions proposed by the National Commission on Reform of Federal Criminal Laws and the American Law Institute's Model Penal Code." *Id.* at 377 n.6. These definitions did not include the

"interruption" language of the "probable desistance test." *Id.*

Since *Mandujano*, the Court has reaffirmed its definition of "attempt" in the four cases cited in the Note to the pattern jury charge:

- First, the defendant must have been acting with the kind of culpability otherwise required for the commission of the crime which he is charged with attempting. Second, the defendant must have engaged in conduct which constitutes a "substantial step" toward commission of the crime. We have held that a substantial step must be conduct strongly corroborative of the firmness of the defendant's criminal intent.

- [T]he government had to prove that he (1) acted with the required criminal intent, and (2) engaged in conduct constituting a "substantial step" toward commission of the substantive offense, *i.e.*, conduct strongly corroborative of the defendant's criminal intent.

- We have stated a two-step test for finding criminal attempt. To be guilty of an attempt, the defendant (1) must have been acting with the kind of culpability otherwise required for the commission of the crime which he is charged with attempted, and (2) must have engaged with conduct which constitutes a "substantial step" towards commission of the crime.

- First, the defendant must have been acting with the kind of culpability otherwise required for the commission of the crime which he is charged with attempting. Second, the defendant must have engaged in conduct which constitutes a "substantial step" toward the commission of the crime. A substantial step is conduct strongly corroborative of the firmness of the defendant's criminal intent.

*Contreras*, 950 F.2d at 236-37; *Anderson*, 987 F.2d at 254-56; *Fuller*, 974 F.2d at 1478; *Crow*, 164 F.3d at 235 (respectively); *see also United States v. Cartlidge*, 808 F.2d 1064, 1068 (5th Cir.1987) ("*Mandujano*'s two-prong test remains this circuit's test"). While two of these cases briefly discuss the distinction between substantial steps and "mere preparation," none required that the jury be so instructed. *Compare Contreras*, 950 F.2d

at 240; *Fuller*, 974 F.2d at 1478.  More importantly, none of the cases recommended or even discussed the "interruption" language of the "probable desistance test."  *Id.*

> 3. **Aldawsari overstates the import of *Polk*, an off-point case that misreads *Mandujano* and misstates the Fifth Circuit's definition of "attempt" in deciding a sufficiency-of-the-evidence challenge on *less* favorable facts.**

*Polk* is inapposite for at least four reasons.  First, the *Polk* panel misreads *Mandujano*'s analysis of the "interruption" instruction.  Having exhaustively explained the evolution of "attempt" definitions and inaugurated the two-prong test, *Mandujano* affirms that the district court did not plainly err in charging the jury as follows:

> In determining whether or not such an act was done, it is necessary to distinguish between mere preparation on the one hand and the actual commencement of the doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense or of devising, obtaining or arranging a means for its commission, is not sufficient to constitute an attempt, but the acts of a person who intends to commit a crime will constitute an attempt where they, themselves, clearly indicate a certain unambiguous intent to wilfully commit that specific crime and in themselves are an immediate step in the present execution of the criminal design, *the progress of which would be completed unless interrupted by some circumstances not intended in the original design.*

*Mandujano*, 499 F.2d at 378 (emphasis added).  That the district court's pre-*Mandujano* instructions survived under a highly favorable standard of review says nothing of their suitability post-*Mandujano*.  As noted above, the pattern jury instruction is modeled after *Mandujano*'s two-prong test and the cases applying same – not *Polk*.  FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CRIMINAL § 1.32 (2001).

Second, the *Mandujano* holding was limited to drug-trafficking offense arising under section 846.  499 F.2d at 378 ("These instructions, to which the defendant did not

object, are compatible with our view of what constitutes an attempt under section 846"; "The evidence was sufficient to support a verdict of guilty under section 846."). Since *Mandujano*, the Fifth Circuit and several sister circuits have explained that "[a]n act that may constitute a substantial step towards the commission of one crime may not constitute such a step with respect to a different crime." *Farhane*, 634 F.3d at 147; *Sanchez*, 615 F.3d at 844 ("[C]onduct that would appear to be mere preparation in one case might qualify as a substantial step in another."). Consequently, until Aldawsari shows that section 846 and section 2332a involve similar "substantial steps" and, therefore, require similar charges, this court should follow the Fifth Circuit's pattern jury instructions.

Third, as discussed above, Aldawsari's proposed "interruption" language harkens back to "dangerous proximity" and "probable desistance" tests that are nearer the English common law than the Model Penal Code test adopted by the Fifth Circuit. *See Farhane*, 634 F.3d at 146-49; *Mandujano*, 499 F.2d at 373-75. Because the Fifth Circuit has joined the majority of circuits that take "a broader view of attempt" and have thereby "widen[ed] the ambit of attempt liability," this court should not craft an instruction that is more onerous than required.

Finally, Aldawsari's steps towards criminality are far greater than the ones deemed "sufficient" in *Polk*. There, the defendant argued that he didn't have the money to purchase the weaponry necessary to blow up the Internal Revenue Service Building in Austin, Texas. *Polk*, 118 F.3d at 292. The Fifth Circuit rejected the defendant's argument, noting that the jury could have found beyond a reasonable doubt that his

**Government's Trial Brief Regarding Substantial Step and Brief in Support - Page 7**

financial limitations were short-lived. *Id.* Here, Aldawsari had enough money to acquire nearly all of the components needed to commit the offense. Consequently, this court may use the pattern charge without fretting about a tighter definition of "substantial steps."

**4. The government is amenable to a jury instruction defining "substantial step" in accord with the pattern jury instruction and the cases cited therein.**

"It is well-settled that a district court does not err by giving a charge that tracks this Circuit's pattern jury instructions and that is a correct statement of the law." *United States v. Whitfield*, 590 F.3d 325, 354 (5th Cir. 2009); *see also United States v. Richardson*, 676 F.3d 491, 494 (5th Cir. 2012) ("In order to demonstrate the district court abused its discretion in refusing to give a proposed instruction, the defendant must demonstrate that the requested instruction (1) was a correct statement of the law, (2) was not substantially covered in the charge as a whole, and (3) concerned an important point in the trial such that the failure to instruct the jury on the issue seriously impaired the defendant's ability to present a given defense."). Because at least two of the pattern cases make reference to "mere preparation," the government is amenable to an additional instruction defining that term and is willing to work with opposing counsel in drafting same. *See, e.g.*, *United States v. Abdo*, No. W-11-CR-182 (W.D.Tex. May 24, 2012).

        Respectfully submitted,

        SARAH R. SALDAÑA
        UNITED STATES ATTORNEY


        s/ Jeffrey R. Haag
        JEFFREY R. HAAG
        Assistant United States Attorney
        Texas State Bar No. 24027064
        1205 Texas Avenue, Suite 700
        Lubbock, Texas 79401
        Telephone:   806.472.7351
        Facsimile:    806.472.7394
        E-mail:       jeffrey.haag@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2012, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means: Dan Cogdell and Paul Doyle.


        s/ Jeffrey R. Haag
        JEFFREY R. HAAG
        Assistant United States Attorney