```
1                    UNITED STATES DISTRICT COURT
2                     NORTHERN DISTRICT OF TEXAS
3                          LUBBOCK DIVISION
4
5    UNITED STATES OF AMERICA       *   Criminal Action
                                     *   No. 11-00015
6    VERSUS                          *
                                     *
7    KHALID ALI-M ALDAWSARI          *
                                     *
8    * * * * * * * * * * * * * * * *
9
10
11
12           OFFICIAL TRANSCRIPT OF PROCEEDINGS
          PRETRIAL CONFERENCE HELD MAY 29, 2012,
13        BEFORE THE HONORABLE DONALD E. WALTER,
            UNITED STATES SENIOR DISTRICT JUDGE,
14         IN CHAMBERS, IN SHREVEPORT, LOUISIANA,
15
16
17
18
19
     REPORTED BY:
20
     Marie M. Runyon, RMR, CRR
21   Federal Official Court Reporter
     300 Fannin Street, Room 4212
22   Shreveport, Louisiana  71101
     Phone:  (318) 222-9203
23
24
     PROCEEDINGS PRODUCED BY MECHANICAL STENOGRAPHY AND TRANSCRIBED
25   BY COMPUTER.
```

```
                          A P P E A R A N C E S


 For the Government:   AUSA C. Richard Baker (via video)
                       AUSA Jeffrey R. Haag (via video)
                       AUSA Denise Bridges Williams (via video)
                       AUSA James T. Jacks (via video)
                       U.S. Attorney's Office
                       1205 Texas Avenue, Suite 700
                       Lubbock, Texas   79401

                              And

                       AUSA David P. Cora (via video)
                       Department of Justice
                       National Security Division
                       950 Pennsylvania Avenue NW
                       Washington, D.C.   20530-0001

 For the Defendant:    Mr. Dan L. Cogdell (via video)
                       Mr. Paul Doyle (via video)
                       Mr. Dennis Hester (via video)
                       Cogdell Law Firm
                       5 Houston Center
                       1401 McKinney Street, Suite 1625
                       Houston, Texas   77010
```

```
 1                    (Videoconference called to order in
 2                       Chambers at 2:00 p.m.)
 3              THE COURT:  Okay.  Let's see who all is here.  Is
 4    Mr. Baker here?
 5              MR. BAKER:  Yes, Your Honor.
 6              THE COURT:  And Mr. Cora?
 7              MR. CORA:  Good afternoon, Your Honor.  I'm here.
 8    I'm also here with my paralegal.  She's not on the screen, but
 9    she's in the room.  Her name is Pamela Hall.
10              THE COURT:  And Ms. Bridges -- no.  Ms. Williams.
11    Sorry.
12              MS. WILLIAMS:  No problem.  Denise Williams, yes.
13              THE COURT:  And Mr. Jacks?
14              (No response.)
15              THE COURT:  Mr. Jacks here?
16              (No response.)
17              MS. WILLIAMS:  He was supposed to be included
18    remotely from Dallas, so I don't know if he's made it on or
19    not.
20              THE COURT:  What about Mr. Haag?  Hague or Haag?
21              MR. HAAG:  I'm here, Your Honor.  Hague, Your Honor.
22              THE COURT:  All right.  And Mr. Kacsmaryk?
23              MS. WILLIAMS:  He is not present, Your Honor.  He is
24    our appellate lawyer that will be with us at trial.
25              THE COURT:  All right.  No problem.
```

```
 1          Mr. Cogdell, you're here?
 2             MR. COGDELL:  Good afternoon, Your Honor.
 3             THE COURT:  And Mr. Doyle?
 4             MR. DOYLE:  Good afternoon, Your Honor.
 5             THE COURT:  Mr. Baker?
 6             MR. COGDELL:  Steven Baker is not here, Your Honor.
 7   My associate Dennis Hester is here.
 8             THE COURT:  All right.  Mr. Hester.
 9         The court reporter asks that I please remind you all
10   before you talk to give your name, because it's not so easily
11   recorded here as to who is talking.  So if everybody will --
12   and I'll try and do it too.
13         All right.  The law clerks involved here are Melanie
14   Wise -- I think you already have her email -- and also Caroline
15   Gardner.  Just in case, it's Melanie_Wise@lawd.uscourts.gov.
16   And Caroline's is Caroline_Gardner@law -- etc.
17         As I understand it, there are no outstanding motions.
18         I have got -- I have now looked at the videos.
19         And I just received a copy of the list of exhibits as
20   well as a witness list.  I assume, Mr. Cogdell, you have also
21   received, at least, the lists?
22             MR. COGDELL:  I just got the list and -- the
23   exhibit list and the witness list.  Judge, I haven't had time
24   to look at it.  I just got it a few minutes ago.
25             THE COURT:  That's okay.  I haven't had time to look
```

1  at it either.  I just got it a few minutes ago.
2         What I have for the Government is -- come on, you're not
3  going to show everything you sent to me on that CD, are you?
4             A VOICE:  No, Your Honor.  We're only going to play
5  portions of those --
6             THE COURT:  Who is speaking?
7             MR. HAAG:  I'm sorry, Your Honor.  Jeffery Haag.
8             THE COURT:  Okay.  So how many --
9             MR. HAAG:  We're not going to show all of them.
10            THE COURT:  So how many of them are you going to
11 play?
12            MR. HAAG:  We intend to play portions from each of
13 the ones that we submitted, Your Honor, but we won't play the
14 entirety of them.
15            THE COURT:  Mr. Cogdell?
16            MR. COGDELL:  Yes, sir?
17            THE COURT:  What's your reaction to that?
18            MR. COGDELL:  I can't imagine how 403 comes in --
19 doesn't come into play on the vast majority of that stuff.
20        Now, if they would pare it down or pare down and show me
21 exactly which portions they intend to play, maybe some of my
22 reaction will be dealt with a little bit.  But so much of that
23 stuff -- I mean, we've got Al-Qaeda.  We've got Osama bin
24 Laden.  We've got Anwar Al-Awlaki -- whatever his name is.
25 We've got videos depicting snipers --

```
 1              THE COURT:  All right.  Let's stop right there.
 2   Unless -- if you object to the snipers killing the soldiers,
 3   they're not going to play that.  I'll rule on that right now.
 4              MR. COGDELL:  I do.
 5              THE COURT:  All right.  So you understand what I'm
 6   saying, Mr. Baker?
 7              MR. BAKER:  Yes, Your Honor.
 8        I should explain.  I have had double pneumonia and
 9   pulmonary embolism, so Mr. Haag will be lead counsel from here
10   on out.
11              THE COURT:  All right.  Mr. Haag, do you understand
12   what I'm saying?
13              MR. HAAG:  Yes, Your Honor, I do.
14              THE COURT:  All right.  Here's what I propose doing.
15   I propose limiting you to two hours.  You pick it.  You
16   identify it to Mr. Cogdell.  And if he has any objections, I'll
17   rule.  What do you say to that, Mr. Haag?
18              MR. HAAG:  The United States has no objection to
19   that, Your Honor.
20              THE COURT:  All right.  What do you say to that,
21   Mr. Cogdell?
22              MR. COGDELL:  That works for me, Your Honor, as long
23   as I get them quickly so I can know.
24              THE COURT:  Well, I'm going to say by next Friday.
25   Is that too much to ask of the Government?
```

1       MR. HAAG: No, Your Honor.
2       THE COURT: All right. So as I understand it, the
3   Government is going to provide two hours of the video that they
4   intend to offer and make it available to Mr. Cogdell, who will
5   then have -- well, we're beginning to run out of time, aren't
6   we? Till the following Thursday, Mr. Cogdell, to make your
7   objections?
8       MR. COGDELL: Yes, sir, that's fine.
9       THE COURT: All right. If there are any objections
10  to the remainder of the list provided, I'd like those at the
11  same time, Mr. Cogdell. Okay?
12      MR. COGDELL: Yes, sir.
13      THE COURT: All right. Is it necessary that the
14  courtroom deputy have a background clearance, Government?
15  Mr. Haag?
16      MR. CORA: Judge, this is David Cora. I think it's
17  probably easier for me to speak to that one.
18     At this point, I'd say no, it's not necessary.
19      THE COURT: Okay. If that changes, you'll let me
20  know?
21      MR. CORA: Immediately, Your Honor, I will.
22      THE COURT: All right. Somebody tell me. How much
23  publicity has this received up in Amarillo?
24      MR. HAAG: Your Honor, this is Jeffery Haag. I've
25  got a *Google* alert set so that it sends me an email every time

1  there's some sort of media coverage.  I've not seen anything
2  from the Amarillo area with the name "Aldawsari" in it.
3          MR. DOYLE:  Judge, this is Paul Doyle.  If I could
4  speak?
5       I know for a fact there was at least one article, because
6  my cousin who lives nearby in Pampa sent me the article about
7  it coming to Amarillo.  So there has been some media coverage.
8  We have not researched to determine how much, but I know there
9  was an article in the newspaper there.
10         THE COURT:  Well, I tell you what we're going to do.
11 We're going to start with 50 potential jurors.  I will run
12 through my usual voir dire.  And I'll get Caroline or Melanie
13 to send you a copy of that -- one to the Government, one to the
14 Defense.  Then I will allow each side some voir dire time.
15      I have what I laughingly call the "Scheherazade rule."
16 You may voir dire until I am no longer interested, or the jury
17 is bored, or you begin to argue your case.
18      The purpose of voir dire is to see if anybody on that
19 jury hates you on sight.  So you might ask questions about
20 their golf game or their tennis game or anything.  But you may
21 not argue your case.  You may not wave the flag.  If you start,
22 I'm going to tell you that your time is about to expire; and if
23 you do it again, your time has expired.
24      I -- probably with 50 people there, I'm going to give you
25 at least 30 minutes if you stay within the rules.

If a potential juror indicates a problem that they're not anxious to put out in public, I'm going to set them aside and, depending on whether the press objects or not, we will take them back into the jury room and question them one at a time.

If after your voir dire you have somebody that you would like to take back there and can give me a good reason, I'll take them also.

As you know, I am now required to tell the audience that I would like to take this juror back and question them in private, but they have a right to be present. If there's an objection, I'm going to have to send the rest of the jury potential out, and we'll take them one at a time. I just can't risk one polluting the entire venire. So there we are.

I suspect because the press has expressed an interest, I'll get an objection. Well, we'll just have to play that by ear.

Any questions, Mr. Haag?

MR. HAAG: No questions, Your Honor.

THE COURT: Mr. Cogdell?

MR. COGDELL: No, sir. Clear.

THE COURT: All right. And then the U.S. gets six, the defendant gets 10 peremptories, which you will exercise simultaneously. And then we'll meet and -- someplace, and figure -- take at least two, and I'm thinking about four alternates. Whether I take four or not is dependent on me.

1          The next question, Mr. Haag, how long do you think the
2     Government will take to present its case?
3               MR. HAAG:  Your Honor, Jeffery Haag.  We believe it
4     will take approximately six trial days, possibly seven.
5               THE COURT:  And Mr. Cogdell?
6               MR. COGDELL:  Two, Your Honor.
7               THE COURT:  We'll go for 14 -- we'll go for 16
8     jurors; 16 potential jurors, 12 being what will serve.
9          I would like jury instructions, requested jury
10    instructions based on the Fifth Circuit patterns.  You can just
11    send the number to either Melanie or Caroline.
12         If you have an instruction that is not based on the
13    patterns, I would like a pinpoint Fifth Circuit or Supreme
14    Court citation.  Understood?
15              MR. COGDELL:  Yes, Your Honor.
16              MR. HAAG:  Jeremy Haag for the Government.  We
17    understand.
18         Your Honor, may I clarify --
19              THE COURT:  Sure.
20              MR. HAAG:  -- ask one question on that?
21         On the attempted use of a weapon of mass destruction,
22    there is some Fifth Circuit precedent, but there's much more
23    precedents from outside our circuit.  Would it be acceptable to
24    cite to those authorities as well?
25              THE COURT:  Yes.

1   Okay.  Same for you, Mr. Cogdell; you find something in
2   another circuit, give it to me.  I'll at least look at it.
3           MR. COGDELL:  Yes, sir.  Thank you.
4           THE COURT:  All right.  As I understand it, the
5   Government is going to fix the courtroom up so as to use
6   electronic display of all exhibits; is that correct, Mr. Haag?
7           MR. HAAG:  Jeffery Haag.  That is correct, Your
8   Honor.
9           THE COURT:  Would you extend to Mr. Cogdell the use
10  of your equipment?
11          MR. HAAG:  Yes, Your Honor, we will.
12          THE COURT:  Okay.  So I want all exhibits in
13  electronic form, nothing passed to the jury.
14      I will need a list of unusual terms and particularly
15  names sent to Shawn, S-h-a-w-n, McRoberts at the Dallas clerk's
16  office one week prior to trial.  He is the court reporter who
17  will be taking this down.  I believe he does realtime.  I
18  certainly hope so, because I don't know if I can do without it.
19  But if you want to use it, you need to make your arrangements
20  with Mr. McRoberts.
21      Understood, Mr. Haag?
22          MR. HAAG:  Yes, Your Honor.  Jeremy Haag.  I
23  understand.
24          THE COURT:  Mr. Cogdell?
25          MR. COGDELL:  Yes, sir.

1    THE COURT: I understand Mr. Jacks is just now coming
2 in. Well, somebody can tell him what's happened.
3    Opening statement, Mr. Haag, how long?
4    MR. HAAG: Your Honor, we would request 30 minutes
5 for opening statement.
6    THE COURT: Recognizing, Mr. Cogdell, that opening
7 statement is what you intend to prove -- and, of course, you
8 can reserve, if you want to -- but how long do you think you'll
9 need?
10    MR. COGDELL: Certainly no more than 30 minutes, Your
11 Honor.
12    THE COURT: All right. And let's see.
13    I'll ask you all to familiarize yourselves with Northern
14 District of Texas local rules 53.2 and 57.4, which are the
15 rules of dress and conduct.
16    I believe they will have jury questionnaires. You may
17 pick them up, making arrangements with the clerk's office.
18 Here's what I insist upon: You will not make any copies. You
19 will not do any background checks whatsoever. The only people
20 who will see those are the lawyers and paralegals in the
21 office. At the end of jury selection, the jury questionnaires
22 must be returned to the clerk's office.
23    Do you accept that, Mr. Haag?
24    MR. HAAG: Jeffery Haag. Yes, Your Honor, we accept
25 that.

1          THE COURT:  Mr. Cogdell?
2          MR. COGDELL:  I do, Your Honor, with just one
3  question.  I'm assuming "background checks" would include
4  Google and the like?
5          THE COURT:  Any background check.
6          MR. COGDELL:  Got it.  Yes, sir.
7          THE COURT:  They're just for you to familiarize
8  yourself with them so you can, perhaps, eliminate some of the
9  questions you may ask and may even suggest some questions that
10 you might want to ask during voir dire.
11         MR. COGDELL:  Yes, sir.  Thank you.
12         THE COURT:  All right.  Now, we'll start at 9:00 in
13 the morning.  Any problem with that?
14         MR. HAAG:  Not from the Government, Your Honor.
15         MR. COGDELL:  Not from the Defense, Your Honor.
16         THE COURT:  I understand that jurors come from as far
17 away as 300 miles.  I will be very aware of their needs.  And
18 if they want to go a little longer or start a little earlier,
19 we're going to do our best to accommodate them.  Okay?
20         MR. COGDELL:  Yes, sir.
21         MR. HAAG:  Yes, sir.
22         THE COURT:  Mr. Haag, is there anything I can do to
23 help the Government?
24         MR. HAAG:  Your Honor, just a couple of points, if I
25 may.  I did want to note that Jim Jacks will be joining our

```
 1  team at trial.
 2          THE COURT:  Okay.  And I think he's on now.  I'm not
 3  sure.
 4          MR. HAAG:  Yes, Your Honor.
 5      I also want to notify the Court and notify Defense
 6  Counsel we've sent drafts of our exhibit list and our witness
 7  list.  As soon as our technical people get back in the office
 8  tomorrow, we're going to send copies of all the exhibits in
 9  hard form to both the Court and the Defense tomorrow.  And so
10  they'll have all of our marked exhibits, at least in draft
11  form.  There may be some changes, but not many.
12          THE COURT:  Good.
13          MR. HAAG:  Uh --
14          THE COURT:  Go ahead.
15          MR. HAAG:  Also want to let the Court -- yes, Your
16  Honor?
17          THE COURT:  Go ahead.
18          MR. HAAG:  We've also -- I wanted to inform the Court
19  we've conferred somewhat about jury instructions, and I think
20  Mr. Cogdell and I will be able to give you a set and will
21  highlight our disagreements on those.  But I think, for the
22  most part, we'll be able to reach an agreement for a majority
23  of the jury instructions in this case.
24      We've also conferred about translations and about
25  stipulation of evidence, and we hope to get the Court some
```

1  stipulations on those as well.
2      We'd ask the Court one question.  I've asked Mr. Cogdell.
3  We would like to have three case agents in the courtroom at
4  trial, and that's going to be Special Agent Orndorff, Special
5  Agent Loretta Smitherman, and Special Agent Kevin Gentry --
6          THE COURT:  You want to say those last names again,
7  please, slowly.
8          MR. HAAG:  Yes, Your Honor.  I apologize.  Michael
9  Orndorff, O-r-n-d-o-r-f-f; Loretta Smitherman,
10 S-m-i-t-h-e-r-m-a-n; and Kevin Gentry, G-e-n-t-r-y.
11     And we were asking to have three case agents, Your Honor,
12 so that we can facilitate the movement of witnesses and get the
13 exhibits -- they're most familiar with the exhibits in the
14 case.  They can help us manage those exhibits as well.
15         THE COURT:  Is there an objection Mr. Cogdell?
16         MR. COGDELL:  Judge, I don't have a problem with one
17 case agent, but I don't know that they need three case agents
18 in there when they're all three going to be testifying.  It
19 just seems a bit excessive.
20         THE COURT:  Are all three going to be testifying?
21         MR. HAAG:  Yes, Your Honor, all three will be
22 testifying.  Special Agent Smitherman and Special Agent Gentry
23 are going to discuss records -- specifically, the business
24 records and the emails.  So their testimony is not I guess what
25 I would term "original."  It's merely reciting what has been

1   disclosed to them through records.
2           THE COURT:  Is there an objection to those two being
3   in there, Mr. Cogdell?
4           MR. COGDELL:  Well, yes, sir.  I mean, I'll be happy
5   to talk to Mr. Haag to drill down offline about their
6   testimony, but I just can't agree to three case witnesses being
7   exempt from the rule.
8           THE COURT:  Well, I'll tell you what we're going to
9   do.  Get together, see if you can work out an agreement; and if
10  not, the week before do just a telephone conference and I'll
11  rule.
12          MR. COGDELL:  Yes, sir.  That's fine.
13          MR. HAAG:  Yes, Your Honor.
14          THE COURT:  All right.  Mr. Haag, anything else I can
15  do to help you move on?
16          MR. HAAG:  Jeffery Haag.  Nothing further, Your
17  Honor.  Thank you.
18          THE COURT:  What about you, Mr. Cogdell?  Anything I
19  can do to help you?
20          MR. COGDELL:  No, sir.  We're good, Your Honor.
21  Thank you for your completeness.
22          THE COURT:  All right.  Well, I look forward to the
23  trial, and I suspect we ought to be able to finish in two
24  weeks, huh?
25          MR. COGDELL:  I think so, Judge, the entire --

1           THE COURT: Again, if the jury wants to go on
2  Saturday, y'all are going to have to give me a really good
3  reason why not.
4           MR. COGDELL: Unfortunately, Your Honor, I don't have
5  anything else in Amarillo going on. So if it happens, it
6  happens. We're fine with that.
7           THE COURT: All right. Thank you all.
8           MR. HAAG: Your Honor, Jeffery Haag. No objection.
9           THE COURT: Thank you all very much. Don't hesitate
10 to call -- as I told you before, I have no objection to you
11 talking to law clerks *ex parte*. And if you need me, I have no
12 problem with either setting one of these up or doing just
13 strictly a telephone conference.
14          MR. COGDELL: Thank you, Judge.
15          THE COURT: All right. Thank you all.
16          MR. HAAG: Thank you.
17          (Proceedings concluded at 2:21 p.m.)
18
19                            Certificate
20 I hereby certify this 1st day of June, 2012, that the foregoing
   is, to the best of my ability and understanding, a true and
21 correct transcript from the record of proceedings in the
   above-entitled matter.
22
                                 _____
23                               /s/ Marie M. Runyon
                                 Official Court Reporter
24
25